UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14044-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA

vs.

THADDIUS DESHAWN JOHNSON,

Defendant.
_____/

## FACTUAL PROFFER

COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and Thaddius Deshawn JOHNSON ("Defendant"), together with his counsel, admits the government can prove the allegations contained within the Indictment, which charges the defendant with being a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1); and also stipulates that those allegations, elements of the crime and the following recitation of the facts shall constitute the underlying factual basis for the entry of a plea of guilty in this case:

On April 22, 2022, Stuart Police Department ("SPD") Officer ("Ofc.") Matt Isham was on patrol on SE Federal Highway in Stuart, Florida. Ofc. Isham observed a white Toyota RAV-4 exit a parking lot while failing to come to a complete stop. Without losing sight of the vehicle, Ofc. Isham caught up to it and observed that it did not have any functional tag lights. In addition, Ofc. Isham pace-clocked the car traveling at 58 MPH in a 45 MPH zone.

Ofc. Isham initiated a traffic stop on the vehicle, which pulled into a parking lot at 3180 SE Federal Highway, Stuart, in the Southern District of Florida. Ofc. Isham approached the vehicle from the passenger side. Defendant was in the front passenger seat, while another

1

individual was in the driver's seat. A child was in the rear passenger seat. Upon making contact with the occupants, Ofc. Isham smelled the odor of marijuana emitting from the vehicle and observed ashes and a lighter on Defendant's pants.

The roadside interaction is captured by body-worn camera:

At approximately 8:58 p.m., Ofc. Isham approached the vehicle's passenger side. While Ofc. Isham is speaking with the driver, Defendant interjected and asked Ofc. Isham why he wasn't "over there," meaning the driver's side. A few minutes into the stop, backup arrived, and the driver was asked to step out of the vehicle. Ofc. Isham then opened the passenger door and instructed Defendant to come out of the vehicle as well.

Ofc. Isham then searched the vehicle based on the smell of marijuana. On the front passenger floorboard, where Defendant had been sitting, Ofc. Isham located a small black bag. The bag had a lock connected to two zippers that prevented the bag from opening. Ofc. Isham cut the bag open and located a Glock model 43, 9mm semi-automatic pistol, loaded, with a round in the chamber. The bag also contained a second loaded magazine. Defendant was then arrested on State of Florida charges.

Days after the arrest, Individual 1 reported to law enforcement in Palm Beach County, Florida, that this Glock had been stolen.

In the days following his arrest, Defendant made multiple calls using the Martin County Jail telephones, which are recorded. In one call, Defendant asks his mother to call a person with the same first name as Individual 1; Defendant tells his mother that this person owns the firearm. Defendant then gives the number "297," and says that is the combination for the bag. Defendant asks his mother to have Individual 1 call the police and claim the gun, and for Individual 1 to explain that 297 is the combination to the bag.

In another call, Defendant calls a male who appears to be the driver from the night of Defendant's arrest. During that call, Defendant asks if the driver still knew "the combination…to the front door…like the luggage." Defendant then says that he needs someone to give that combination to Individual 1. Defendant then says "on 297…access granted." Defendant then again says that he needs Individual 1 to call and ask why they charged Defendant with his/her firearm.

After learning about these calls, Ofc. Isham went to the SPD evidence room and retrieved the locked black bag, which had previously contained the Glock. Ofc. Isham entered "297" into the lock on the bag, and the lock opened.

Both the Glock firearm and the ammunition were manufactured outside the State of Florida, and thus traveled in interstate and foreign commerce.

On the date of this incident, Defendant knew that he had been convicted of several felonies, that is, crimes punishable by more than one year in prison. For one such offense, in 2013, Defendant was convicted of being a felon in possession of a firearm and sentenced to 66 months' incarceration.

*This space intentionally left blank.*

3

The parties agree that these facts, which do not include all the facts known to the government and Defendant, are sufficient to prove that: (i) Defendant knowingly possessed a firearm and ammunition in or affecting interstate or foreign commerce; and (ii) before possessing the firearm and ammunition, Defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense; and (iii) before possessing the firearm and ammunition, Defendant knew he had been convicted of a felony, in violation of Title 18, United States Code, Section 922(g)(1).

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 12/8/22   By: _____
JUSTIN L. HOOVER
ASSISTANT UNITED STATES ATTORNEY

Date: 12/8/22   By: _____
ROBERT E. ADLER
ATTORNEY FOR DEFENDANT

Date: 12/8/22   By: _____
THADDIUS DESHAWN JOHNSON
DEFENDANT